UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No.   06-78 ( RWR ) |
| v. | : | |
| | : | |
| ALPHONSO WALKER, JR. | : | |
| Defendant. | : | |

**GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT
TO FEDERAL RULE OF EVIDENCE  609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with a prior conviction pursuant to Fed. R. Evid. 609.  In support of its notice, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this notice:

**I. Background.**

1.  The defendant is charged in a five-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for One Year or More, Unlawful Possession with Intent to Distribute Crack Cocaine, Unlawful Possession of PCP, Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, and Attempted First Degree Burglary While Armed.  Defendant has been previously convicted of the following offense: the felony offense of assault with a dangerous weapon in case number F4490-97, in the Superior Court of the District of Columbia, on April 7, 1999, for which he was sentenced to thirty months probation.  Probation expired on October 6, 2001.

**II. Fed. R. Evid. 609(a)(1).**

2. "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). Defendant has been convicted for assault with a dangerous weapon, which was punishable by more than one years' imprisonment. The offense occurred within the last ten years. This Court should permit the use of that conviction to impeach the defendant because its probative value outweighs any prejudicial effect. *United States v. Lipscomb*, 702 F.2d 1049 (D.C. Cir. 1983) (*en banc*).

3. In evaluating whether the probative value of these conviction outweighs its prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting *en banc*, that all felony convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least somewhat probative of the defendant's credibility. *Id.* at 1062. In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the *Lipscomb* court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis. *Id*. at 1051, 1073.

As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." *United States v. Lewis*, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted). In *Lewis*, the defendant was charged, among other things, with distribution of phenmetrazine; after taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act. *Id*. at 943, 947. The court held

2

that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, *id.* at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible," and directing that in such circumstances a limiting instruction should be given to the jury. *Id.* at 950.

4. Inasmuch as every impeachment by prior conviction involve some inherent prejudice to a defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the defendant in this case. *Cf. Lipscomb*, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not *if*, but how much") (emphasis in original). Should the defendant testify in this case, the issue of his credibility will be a central issue for the jury. The probative value of the conviction in assessing that credibility, involving as it does a serious offense, clearly outweighs whatever prejudice there may be to the defendant -- particularly given the limiting instruction that can be given to the jury in order to preclude its use of such evidence for an improper purpose.

### III. Fed. R. Evid. 609(b).

5. Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, the offense within the last ten years. Thus, the convictions may properly be used for impeachment.

WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior conviction for impeachment purposes.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY


_____
ANN H. PETALAS
Assistant United States Attorney
TX Bar No. 24012852
555 Fourth Street, N.W.
Room 4211
Washington, DC  20530
(202) 307-0476

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing United States' Motion to Admit Evidence of Defendant's Prior Conviction's Pursuant to Federal Rule of Evidence 609 and the attached proposed order to be served by facsimile transmission and mail upon the attorney for the defendant, Rita Bosworth, Esq., Assistant Federal Public Defender, 625 Indiana Ave., N.W., Washington, D.C.  20004 [(202) 208-7500; fax: 208-7515], on April 18, 2006.

_____
ASSISTANT UNITED STATES ATTORNEY