UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>v. )<br> )<br>ALPHONSO WALKER, )<br> ) | Criminal No. 06-78 (RWR) |

MOTION TO SUPPRESS EVIDENCE,
INCORPORATED MEMORANDUM IN SUPPORT THEREOF, AND
REQUEST FOR EVIDENTIARY HEARING

Alphonso Walker, by his attorney, Rita Bosworth, Assistant Federal Public Defender, respectfully moves this court to suppress physical evidence, statements, and any other tainted evidentiary "fruits" resulting from the investigation, searches, and arrest in this case. This motion is made pursuant to FED. R. CRIM. P. 12(b)(3), and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

STATEMENT OF FACTS[1]

Mr. Walker was charged, in a five-count indictment filed March 23, 2006, with Unlawful Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Using, Carrying, and Possession a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1); Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); Unlawful Possession of a Controlled Substance, in violation

---

[1] This statement of the facts is a summary based on the PD 163 provided as discovery in this case. By including in this motion the facts as alleged by government witnesses, Mr. Walker does not in any way concede that these facts are accurate or true.

-1-

of 21 U.S.C. § 844(a); and Attempt to Commit First Degree Burglary While Armed, in violation of 22 D.C. Code § 801(a), 1803, 4502 (2001 ed.).

According to law enforcement reports filed in this case, on February 1, 2006, police officers responded to a radio run for a burglary at 1222 Talbert Street S.E.  When they arrived at the address, they allege that they saw someone walking away from the residence.  That person apparently was later identified as Mr. Walker.  After engaging him in conversation, the officers claim that he ran up the street.  The officers chased him and eventually stopped him.  The officers handcuffed Mr. Walker.  Upon searching him, the officers allegedly recovered a gun in his coat, and they indicate that he "was in possession of a clear plastic bag containing 25 small green plastic ziplocks containing a white rock lock [sic] substance" as well as "a small clear glass vile [sic] containing a liquid substance."

## ARGUMENT

**I.  THE PHYSICAL EVIDENCE RECOVERED ON FEBRUARY 1, 2006, MUST BE SUPPRESSED AS THE TAINTED FRUIT OF AN ILLEGAL SEARCH AND SEIZURE.**

The Fourth Amendment provides, in part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ."  The Fourth Amendment's protection against unreasonable searches and seizures has been construed to require probable cause for warrantless arrests and searches.  Henry v. United States, 361 U.S. 98, 100-101 (1959).  Probable cause exists when, under the facts and circumstances of the situation, a person of reasonable prudence would believe that a crime has been committed or is being committed.  Beck v. Ohio, 379 U.S. 89, 91 (1964).  As stated in Johnson v. United States, 333 U.S. 10, 13-14 (1948):

> [t]he point of the Fourth Amendment . . . is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.

In the present case, the officers' actions were predicated upon the mere observation of Mr. Walker standing on the street near a house about which they happened to receive a radio run. That Mr. Walker allegedly began to run away did not give the officers reason to chase Mr. Walker, let alone handcuff him and search him. See Illinois v. Wardlow, 528 U.S. 119, 124 (2000) (holding that a suspect's flight is just one of many factors used to determine "whether the circumstances are sufficiently suspicious to warrant further investigation."); See also People v. Chesternut, 403 N.W. 2d 74, 75 (Mich. App. 1986), rev'd on other grounds, 486 U.S. 567 (1988) (holding that "flight from the police alone does not provide the reasonable suspicion necessary to justify a *Terry* type investigation") (citing People v. Shabaz, 378 N.W. 2d. 451 (1985), and People v. Terrell, 259 N.W. 2d. 187 (1977)). In this case, there were no other circumstances which would warrant a stop or further investigation. Therefore, all of the evidence seized as a result of this illegal search and seizure must be suppressed. Wong Sun v. United States, 371 U.S. 471, 484-485 (1963).

**II. ALL STATEMENTS MADE BY MR. WALKER ON JANUARY 6, 2006, MUST BE SUPPRESSED BECAUSE THEY WERE INVOLUNTARY AND MADE IN VIOLATION OF MIRANDA.**

The government has alleged that Mr. Walker made a pre-arrest, pre-Miranda statement on the evening of January 6, 2006. Before introducing this statement at trial, either in its case-in-chief or as impeachment or rebuttal evidence, the government bears the burden of proving that the statement was voluntary. See Lego v. Twomey, 404 U.S. 477 (1972). The test for

voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." Culombe v. Connecticut, 367 U.S. 568, 602 (1961). The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation." Mincey v. Arizona, 437 U.S. 385, 402 (1978). The Court must consider the "totality of the circumstances" in deciding whether the defendant made his statement voluntarily. Fikes v. Alabama, 352 U.S. 191 (1957); see also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); Clewis v. Texas, 386 U.S. 707 (1967).

Specifically, the Court must examine the efforts to overbear the defendant's free will in relation to his capacity to resist those efforts. Davis v. North Carolina, 384 U.S. 737 (1966); Culombe, 367 U.S. at 607. The Court must examine the defendant's "background, experience, and conduct," North Carolina v. Butler, 441 U.S. 369, 375 (1979), to determine whether his statements were the product of a rational intellect and a free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1980). Here, the evidence at a hearing will show that any statements made by Mr. Walker were made involuntarily and thus must be suppressed under the Fifth Amendment.

Even if the statements were made voluntarily, Miranda requires suppression of Mr. Walker's statement during the government's case-in-chief because he was not adequately apprised of his right against self-incrimination prior to undergoing custodial interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under Miranda when he "has been . . . deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U.S. 436, 444 (1966). Whether a person is in custody

depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. 420, 442 (1984). "[T]he term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980).

The government bears the heavy burden of establishing that proper Miranda warnings were given to the defendant and that an intelligent and voluntary waiver of those rights occurred prior to questioning of the defendant. Miranda, 384 U.S. at 475. As the Court recognized in Moran v. Burbine, 475 U.S. 412 (1986),

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the "totality of circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived.

*Id*. at 421.

In the case at hand, there were at least two police officers on the scene who arrived in a marked police cruiser and engaged Mr. Walker in a conversation. This situation constituted custodial interrogation because Mr. Walker's freedom of movement was constrained by the presence of the police officials. He was not free to leave as the officers were interrogating him and leading him to believe he was required to answer their questions. An evidentiary hearing on this matter will show as much. Accordingly, any statements Mr. Walker made were the product of custodial interrogation and must be suppressed.

Respectfully Submitted,
A.J. Kramer
Federal Public Defender

_____"/s/'_____
Rita B. Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, NW  Suite 550
Washington, DC   20004
(202) 208-7500