**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Criminal Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cr. No. 06-78 (RWR)** |
| | ) | |
| **ALPHONSO WALKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S  MOTION TO ADMIT EVIDENCE**
**OF DEFENDANT'S ALLEGED OTHER CRIMES EVIDENCE**

Alphonso Walker, by his attorney, hereby seeks to preclude the United States from presenting evidence concerning other crimes evidence at Mr. Walker's trial.  Such evidence is not admissible under Fed. R. Evid. 404(b).  Additionally, even if admissible pursuant to Rule 404(b), such highly prejudicial evidence must be excluded under Fed. R. Evid. 403.

**BACKGROUND**

Alphonso Walker is charged with multiple offenses in a five count indictment.  Mr. Walker is charged in Count One with Unlawful Possession With Intent to Distribute Cocaine Base (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)); in Count Two with Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense (18 U.S.C. § 924(c)(1)); in Count Three with Unlawful Possession of a Firearm and Ammunition By a Person Convicted of a Crime Punishable by Imprisonment For a Term Exceeding One Year (18 U.S.C. § 922(g)(1)); in Count Four with Unlawful Possession of a Controlled Substance (21 U.S.C. § 844(a)); and in Count Five with Attempt to Commit First Degree Burglary While Armed (22 D.C. Code §§ 801(a), 1803 and 4502).

In this case, the government alleges that, on February 1, 2006, police officers responded to a radio run for a burglary at 1222 Talbert Street S.E.  When they arrived at the address, they allege that they saw someone walking away from the residence.  That person apparently was later identified as Alphonso Walker.  After engaging Mr. Walker in conversation, the officers claim that he ran up the street and officers chased him.  The police state that Mr. Walker was eventually stopped and he was placed in handcuffs.  Upon searching him, the officers allegedly recovered a gun, suspected drugs and $1,046.25 from his person.

At Mr. Walker's trial, the government seeks to introduce evidence of Mr. Walker's alleged "prior distributions of crack cocaine and prior instances of assault under Federal Rule of Evidence 404(b)."  Government's 404(b) Motion at 3.  The government states that it seeks to admit such evidence "for the purpose of proving intent, knowledge, and absence of mistake."  Id..  With respect to Mr. Walker's "prior distributions of crack cocaine," the government seeks to introduce evidence concerning events which allegedly occurred on September 11, 2000, May 29, 2001 and on June 19, 2001.  The government claims that Mr. Walker was involved in the sale of cocaine base to a cooperating witness on each of these dates.  The government also seeks to introduce evidence concerning the alleged recovery of marijuana from Mr. Walker's person on March 4, 2003 and on October 21, 2005.  With regard to Mr. Walker's "prior instances of assault," the government seeks to admit evidence concerning events which allegedly occurred on March 4, 2003, October 12, 2005, October 21, 2005, in November of 2005 and "[a]pproximately two years ago."

**ARGUMENT**

## I.     THE OTHER ACTS EVIDENCE IS INADMISSIBLE UNDER RULE 404(b).

Rule 404(b) of the Federal Rules of Evidence provides that "evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Under Rule 404(b), prior acts of the defendant are admissible only if they are 1) relevant to an issue other than character, 2) necessary, and 3) reliable.  United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997).  Even when evidence meets these criteria, its probative value must still outweigh the danger that the evidence will produce unfair prejudice to the defendant.  Rawle, 845 F.2d at 1247; Queen, 132 F.3d at 995.  See also Fed. R. Evid. 403.

Rule 404(b) forbids the admission of evidence of other acts committed by the defendant that prove only that he is disposed toward criminal behavior.  United States v. Hernandez, 975 F.2d 1035, 1038 (4th Cir. 1992).  Therefore, "[t]he threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character."  Huddleston v. United States, 485 U.S. 681, 686 (1988).  To be probative of a material issue and thus relevant, a prior bad act must be sufficiently related to the charged offense.  Rawle, 845 F.2d at 1247 n.3.  Also, other crimes evidence "is not admissible when the unrelated bad act is 'tenuous and remote in time from the charges in the indictment.'"  Hernandez at 1039 (quoting United States v. Cole, 491 F.2d 1276, 1279 (4th Cir. 1974)).  Significantly, the government bears the burden of showing the relevance of evidence it seeks to

have admitted under Rule 404(b).[1]

### A.    The Other Acts Evidence Is Not Probative Of Any Material Issue Other Than Character.

In this case, the contested evidence is not necessary to prove any relevant material issue. The only purpose admission of Mr. Walker's alleged prior conduct can serve is to make Mr. Walker's character an issue. Admission of other crimes evidence to discredit a defendant's character is specifically prohibited by Rule 404(b).  Indeed, in United States v. Linares, 367 F.3d 941 (D.C. Cir. 2004), the court recognized that '[a] concomitant of the presumption of innocence is that a defendant must be tried for what he did, not for who he is.' Linares at 945 (quoting United States v. Daniels, 770 F.2d 1111, 1116 (D.C. Cir. 1985).  According to the Court in Linares, "[i]ntroducing evidence of a defendant's prior crimes and other bad acts – so called propensity evidence – may conflict with this principle." Linares at 945.  For these reasons, the other crimes evidence the government seeks to admit at Mr. Walker's trial must be excluded pursuant to Rule 404(b).

### B.    The Other Acts Evidence is Not Necessary.

To be admissible, other acts evidence must also be necessary.  "Evidence is necessary when considered in the 'light of other evidence available to the government,' 'it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime.'" United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997).  Clearly, the prior crime evidence the government seeks to admit is not necessary to prove any of the essential elements of the charged crimes because the alleged other crimes evidence is not probative of any of the elements of the offenses with which Mr.

---

[1]See United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988) and United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987).

Walker is charged in the pending indictment.  Additionally, the alleged other crimes evidence is completely unrelated to the instant case and the evidence does not furnish any context of the offenses alleged in the indictment.

In Linares, the Court of Appeals held that admission of evidence concerning prior gun possession for purposes of showing intent, knowledge and absence of mistake under Rule 404(b) was unnecessary and improper in an 18 U.S.C. § 922(g) case where witnesses testified at trial that the defendant was observed in actual possession of a firearm and then seen tossing the firearm to the ground.  With respect to "knowledge," the Court noted that it does "not understand how Linares's previous possession of a pistol makes it any more likely that he knowingly possessed a gun this time."  Linares at 946.  With respect to "absence of mistake," the Court concluded that "no reasonable jury could have found that the government had proven possession but failed to prove absence of mistake."  Id. at 947.  Finally, with regard to "intent," the Court noted that evidence concerning the previous gun possession incident "was inadmissible for that purpose because under section 922(g)(1), the government had no obligation to prove intent."   Id. at 948.

Because it is expected that multiple witnesses (including law enforcement officers) will testify at Mr. Walker's trial that Mr. Walker was seen in actual possession of the items at issue in Counts One through Four of the pending indictment,[2] the facts of Mr. Walker's case are substantially similar to the facts in the Linares case.  Therefore, it is unnecessary and improper for the government to admit evidence pursuant to Rule 404(b) concerning Mr. Walker's alleged other crimes based on the same reasoning applied by the Court in Linares.

C.    **The Other Acts Evidence is Not Reliable.**

---

[2]These items include a firearm, cocaine base and PCP.

5

In order to be admissible, other acts evidence must be reliable.  <u>Rawle</u> at 1247.  Indeed, before other acts evidence is admitted there must be "sufficient evidence to support a finding by the jury that the defendant committed the similar act."  <u>Huddleston</u> at 685.  The evidence the government seeks to introduce under Rule 404(b) is unreliable for a variety of reasons.  One significant reason is that none of the events the government seeks to admit under Rule 404(b) resulted in a conviction.  The fact that none of the events resulted in a conviction causes serious concern regarding whether a crime actually occurred and whether Mr. Walker was even involved in the events.

Another significant factor indicating that the government's evidence is unreliable is that it appears as if the only witness to the alleged prior distributions of crack cocaine is a "cooperating witness."  Although the government possess audio recordings of the alleged transactions involving the cooperating witness, the events do not appear on video.  The lack of any video evidence makes it impossible for any fact finder to adequately verify whether a crime occurred and whether Mr. Walker was even present.  The problem of the nonexistence of video evidence is particularly troubling in this case considering that some of the audio evidence indicates that a female was directly involved in the alleged transactions with the cooperating witness and that statements made by law enforcement officers indicate that persons other than Mr. Walker were often the intended targets.  Because of the inherent credibility problems associated with cooperating witnesses as well as the specific problems with the cooperating witness here, the prior distribution of crack cocaine evidence the government seeks to introduce is especially unreliable.  For these reasons, the other crimes evidence the government proposes to present at trial is too unreliable to be admitted.

## II.    THE OTHER ACTS EVIDENCE SHOULD BE EXCLUDED UNDER RULE 403.

Even if this Court finds that the government's proposed evidence is admissible under Rule 404(b), the other acts evidence should be excluded under Fed. R. Evid. 403.  Under Rule 403, relevant evidence may be excluded if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay,  waste of time, or needless presentation of cumulative evidence."  Admission of the prior crimes evidence which the government proposes to introduce pursuant to Rule 404(b) is severely prejudicial.  The other crimes evidence is particularly prejudicial in this case because it involves acts which are similar to the acts charged in this case and because it involves acts of alleged violent conduct on behalf of Mr. Walker.  The volume of the other crimes evidence is also extremely prejudicial.  The government seeks to introduce at least eight separate incidents of other crimes evidence.  When comparing this other crimes evidence with the evidence relating directly to the charged offenses, it appears that the government intends to spend more time at trial presenting other crimes evidence than it will be devoting to presenting evidence about the crimes charged in the indictment.  For these reasons, the other crimes evidence will unfairly taint Mr. Walker's character and, based on this tainted character alone, the jury will surely believe he is more likely to have committed the charged crimes.

Additionally, the potential that the jury will be mislead or confuse issues is substantial because the jury will have difficulty keeping the facts of the charged crimes separate from the facts of the alleged prior uncharged crimes.  Finally, considering that the government will be spending considerable time presenting its other crimes evidence, the evidence should be excluded due to

7

"considerations of undue delay,  waste of time, or needless presentation of cumulative evidence."

Fed. R. Evid. 403.

## **CONCLUSION**

For the reasons described above, this Court should prohibit the government from

introducing the "other crimes" evidence it proposes to introduce under both Rule 404(b) and Rule

403.


Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER



_____/s/_____
Tony W. Miles
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202)  208-7500

8