UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 06-78 ( RWR ) |
| v. : | |
| ALPHONSO WALKER, JR. : | |
| Defendant. : | |

**GOVERNMENT'S SECOND MOTION TO ADMIT OTHER CRIMES
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of subsequent misconduct on the part of the defendant which is relevant to defendant's intent, knowledge, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"). In support of its motion, the government relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

**I.   The Present Case**

The defendant is charged in a five-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for One Year or More, Unlawful Possession with Intent to Distribute Crack Cocaine, Unlawful Possession of PCP, Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, and Attempted First Degree Burglary While Armed.

At a hearing or trial in this matter, government counsel expects the evidence for this charge to demonstrate substantially as follows: On February 1, 2006, at approximately 6:50 pm, the defendant went to XXXX Talbert Street, where his ex-girlfriend Keyda Young resided with her

children, and began banging on the door. Brionna Young (Keyda Young's 13-year-old daughter), who was home alone, opened the door, but the security gate remained closed. Alphonso Walker began rattling the gate, attempting to break into the house while yelling for Keyda Young. Throughout the encounter, the defendant had his hand inside his left coat pocket as if holding something. Brionna Young then closed the door and ran upstairs to put on slippers. As she was upstairs, the defendant continued to try to break into the house, while screaming for Keyda Young. Brionna Young put on slippers, grabbed a cordless phone, and ran out of the house, towards a school a block away where her mother was attending a meeting. As she ran, she called 911 and reported the incident.

Officers of the Metropolitan Police Department responded to the XXXX block of Talbert Street, SE, Washington, DC. Upon entering the block, the officers observed the defendant walking away from XXXX XXXXXXX Street, S.E. The officers approached the defendant and asked him if everything was okay. They further asked him if he had just left xxxx xxxxxxt Street. The defendant responded "A murder, huh, what, a Burglary?" The officers asked the defendant if he knew anyone who lived at 1222 Talbert Street. The defendant replied "no," and then turned and ran up Talbert Street, away from the officers. A brief chase ensued and the defendant was stopped in the XXXX Block of XXXXXXXXX XXXXX, SE. The defendant was patted down for officer safety, and the officers recovered a gun from the defendant's left coat pocket. In a search incident to arrest, the police also recovered 25 small green ziplocks of crack cocaine, a small vial of PCP and $1,046.25.

In this case, the government has already sought to introduce evidence of defendant's prior distributions of crack cocaine and prior instances of assault under Federal Rule of Evidence 404(b),

for the purpose of proving intent, knowledge, and absence of mistake. The government now moves seeks to introduce the defendant's subsequent possession of drugs.

## II.     Legal Argument

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1202. As the Court stated in United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002)(citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially

outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[1]

On April 3, 2006, the defendant appeared in D.C. Superior Court in Criminal Case No. 2006CF2002042. At that hearing, the defendant was held without bond and sent to the D.C. Jail. As the defendant was being processed at the jail, the jail officials recovered twenty-three ziplocks of crack cocaine and a small bundle of marijuana from the defendant. As the Court of Appeals noted in Cassell, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'" Id. at 793 (citation omitted). In the instant case, among other things, the government must prove that the defendant possessed the crack cocaine recovered from his pocket with the intent to distribute it. The "other

---

[1] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 404(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. at 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

crimes" evidence of defendant's possession of the very same illegal substance, with the intent to distribute it, is highly probative of the defendant's knowing and intentional possession of the crack cocaine with intent to distribute it in this case. It also shows that the defendant's possession of the crack was not the result of mistake or accident. As the Court of Appeals observed en banc, "[a] defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth. Evidence of a defendant's experience in dealing drugs -- evidence, that is, of his 'bad acts' -- thus may be a 'brick' in the 'wall' of evidence needed to prove possession." Crowder, 141 F.3d at 1209, n.5 (en banc).

Because of the highly probative nature of such Rule 404(b) evidence in the context of drug cases, the courts have generally not hesitated to admit such evidence for the purposes sought here. See, e.g., United States v. Burch, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (evidence of defendant's prior arrest and conviction for PWID crack cocaine was properly admitted under Rule 404(b) to show defendant's knowledge and intent in prosecution for possession with intent to distribute crack cocaine); Crowder, 141 F.3d at 1208-09 (noting that defendant's subsequent purchase of cocaine was permissible under Rule 404(b) for multiple purposes, including motive, intent, possession, and knowledge) (en banc); United States v. Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (prior drug transaction properly admitted under Rule 404(b)). The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case. Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence be granted.

    Respectfully submitted,

    KENNETH L. WAINSTEIN
    UNITED STATES ATTORNEY


    _____
    ANN H. PETALAS
    Assistant United States Attorney
    TX Bar No. 24012852
    555 Fourth Street, N.W.
    Room 4211
    Washington, DC  20530
    (202) 307-0476