UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Criminal Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cr. No. 06-78 (RWR) |
| ) | |
| ALPHONSO WALKER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S SECOND MOTION TO ADMIT OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

Alphonso Walker, by his attorney, hereby seeks to preclude the United States from presenting additional other crimes evidence at Mr. Walker's trial. Such evidence is not admissible under Fed. R. Evid. 404(b). Additionally, even if admissible pursuant to Rule 404(b), such highly prejudicial evidence must be excluded under Fed. R. Evid. 403.

**BACKGROUND**

Alphonso Walker is charged with multiple offenses in a five count indictment. Mr. Walker is charged in Count One with Unlawful Possession With Intent to Distribute Cocaine Base (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)); in Count Two with Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense (18 U.S.C. § 924(c)(1)); in Count Three with Unlawful Possession of a Firearm and Ammunition By a Person Convicted of a Crime Punishable by Imprisonment For a Term Exceeding One Year (18 U.S.C. § 922(g)(1)); in Count Four with Unlawful Possession of a Controlled Substance (21 U.S.C. § 844(a)); and in Count Five with Attempt to Commit First Degree Burglary While Armed (22 D.C. Code §§ 801(a), 1803 and 4502).

In this case, the government alleges that, on February 1, 2006, police officers responded to a radio run for a burglary at 1222 Talbert Street S.E. When they arrived at the address, they allege that they saw someone walking away from the residence. That person apparently was later identified as Alphonso Walker. After engaging Mr. Walker in conversation, the officers claim that he ran up the street and officers chased him. The police state that Mr. Walker was eventually stopped and he was placed in handcuffs. Upon searching him, the officers allegedly recovered a gun, suspected drugs and $1,046.25 from his person.

Initially, the government sought to introduce evidence of Mr. Walker's alleged "prior distributions of crack cocaine and prior instances of assault under Federal Rule of Evidence 404(b)" based on their theory that this evidence is admissible "for the purpose of proving intent, knowledge, and absence of mistake." Government's First 404(b) Motion at 3. In their motion, the government requests permission to introduce evidence which allegedly shows Mr. Walker selling cocaine base to a cooperating witness on September 11, 2000, May 29, 2001 and on June 19, 2001. In the motion, the government also requests permission to introduce evidence concerning the alleged recovery of marijuana from Mr. Walker's person on March 4, 2003 and on October 21, 2005 and the government seeks to introduce evidence of prior assaults allegedly committed by Mr. Walker on March 4, 2003, October 12, 2005, October 21, 2005, in November of 2005 and "[a]pproximately two years ago."

In a second motion, the government is now seeking to introduce evidence of "defendant's subsequent possession of drugs." Government's Second 404(b) Motion at 3. Specifically, the government is seeking to introduce evidence that Mr. Walker was allegedly found to be in possession of "twenty-three ziplocks of crack cocaine and a small bundle of marijuana" when he

was being processed at the D.C. Jail on April 3, 2006.  Government's Second 404(b) Motion at 4.

## ARGUMENT

**I.    THE OTHER ACTS EVIDENCE IS INADMISSIBLE UNDER RULE 404(b).**

Rule 404(b) of the Federal Rules of Evidence provides that "evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Under Rule 404(b), prior acts of the defendant are admissible only if they are 1) relevant to an issue other than character, 2) necessary, and 3) reliable.  United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997).  Even when evidence meets these criteria, its probative value must still outweigh the danger that the evidence will produce unfair prejudice to the defendant.  Rawle, 845 F.2d at 1247; Queen, 132 F.3d at 995.  See also Fed. R. Evid. 403.

Rule 404(b) forbids the admission of evidence of other acts committed by the defendant that prove only that he is disposed toward criminal behavior.  United States v. Hernandez, 975 F.2d 1035, 1038 (4th Cir. 1992).  Therefore, "[t]he threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character."  Huddleston v. United States, 485 U.S. 681, 686 (1988).  To be probative of a material issue and thus relevant, a prior bad act must be sufficiently related to the charged offense.  Rawle, 845 F.2d at 1247 n.3.  Also, other crimes evidence "is not admissible when the unrelated bad act is 'tenuous and remote in time from the charges in the indictment.'"  Hernandez at 1039 (quoting United States v. Cole, 491 F.2d 1276, 1279 (4th Cir. 1974)).  Significantly, the government bears the burden of showing the relevance of evidence it seeks to

3

have admitted under Rule 404(b).[1]

### A. The Other Acts Evidence Is Not Probative Of Any Material Issue Other Than Character.

In this case, the contested evidence is not necessary to prove any relevant material issue. The only purpose admission of Mr. Walker's alleged possession of drugs at the D.C. Jail can serve is to make Mr. Walker's character an issue. Admission of other crimes evidence to discredit a defendant's character is specifically prohibited by Rule 404(b). Indeed, in United States v. Linares, 367 F.3d 941 (D.C. Cir. 2004), the court recognized that '[a] concomitant of the presumption of innocence is that a defendant must be tried for what he did, not for who he is.' Linares at 945 (quoting United States v. Daniels, 770 F.2d 1111, 1116 (D.C. Cir. 1985). According to the Court in Linares, "[i]ntroducing evidence of a defendant's prior crimes and other bad acts – so called propensity evidence – may conflict with this principle." Linares at 945. For these reasons, the other crimes evidence the government is now seeking to admit in its second Rule 404(b) motion must be excluded.

### B. The Other Acts Evidence is Not Necessary.

To be admissible, other acts evidence must also be necessary. "Evidence is necessary when considered in the 'light of other evidence available to the government,' 'it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime.'" United States v. Queen, 132 F.3d 991, 998 (4th Cir. 1997). Clearly, the prior crime evidence the government seeks to admit is not necessary to prove any of the essential elements of the charged crimes because the alleged other crimes evidence is not probative of any of the elements of the offenses with which Mr.

---

[1] See United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988) and United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987).

Walker is charged in the pending indictment. Additionally, the alleged other crimes evidence is completely unrelated to the instant case and the evidence does not furnish any context of the offenses alleged in the indictment.

    **C.    The Other Acts Evidence is Not Reliable.**

In order to be admissible, other acts evidence must be reliable. <u>Rawle</u> at 1247. Indeed, before other acts evidence is admitted there must be "sufficient evidence to support a finding by the jury that the defendant committed the similar act." <u>Huddleston</u> at 685. The government has failed to show that the evidence it seeks to admit in its second Rule 404(b) motion is reliable. For instance, the government has not shown that any events have taken place which were designed to ensure that the accusations are reliable and to ensure that Mr. Walker's rights are protected. Without such a showing, the other crimes evidence the government proposes to present at trial must be excluded for being too unreliable.

**II.    THE OTHER ACTS EVIDENCE SHOULD BE EXCLUDED UNDER RULE 403.**

Even if this Court finds that the government's proposed evidence is admissible under Rule 404(b), the other acts evidence should be excluded under Fed. R. Evid. 403. Under Rule 403, relevant evidence may be excluded if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Admission of the prior crimes evidence which the government proposes to introduce pursuant to Rule 404(b) is severely prejudicial. The other crimes evidence is particularly prejudicial in this case because it involves an act which is similar to acts charged in this case. Therefore, the other crimes evidence will unfairly taint Mr. Walker's character and, based on this tainted character alone, the jury will surely

believe he is more likely to have committed the charged crimes.

Additionally, the potential that the jury will be mislead or confuse issues is substantial because the jury will have difficulty keeping the facts of the charged crimes separate from the facts of the alleged prior uncharged crime. Finally, especially if the government is allowed to introduce other 404(b) evidence, the evidence should be excluded due to "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

## CONCLUSION

For the reasons described above, this Court should prohibit the government from introducing the "other crimes" evidence it proposes to introduce under both Rule 404(b) and Rule 403.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Tony W. Miles
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500