UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.: 06-078 (RWR) |
| | : | |
| ALPHONSO WALKER | : | |
| also known as, "EB" | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S REQUEST FOR BILL OF PARTICULARS

The United States, by and through its attorney, Kenneth L. Wainstein, the United States Attorney for the District of Columbia, hereby submits the opposition to defendant's request for a bill of particulars. In support of its motion, the government states the following:

The defendant, Alphonso Walker, aka EB, has been charged in a five-count indictment with: Count One – Unlawful Possession with Intent to Distribute Cocaine Base (21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C); Count Two – Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense (18 U.S.C. Section 924(c)(1)); Count Three – Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year (18 U.S.C. Section 922(g)(1)); Count Four – Unlawful Possession of a Controlled Substance (21 U.S.C. Section 844(a)); and Count Five – Attempt to Commit First Degree Burglary While Armed (22 D.C. Code Sections 801(a), 1803 and 4502).

In his motion, defendant requests additional particulars relating to Count Five of the indictment. The defendant claims that he is unable to adequately prepare for his defense since he does not have enough "particulars" of the incident charged. Defense Mem. at 1.

Pursuant to the discovery process to date, the defendant has been provided with scores of pages of documents, including photographs, multiple police reports, and an audio tape of the radio

runs in this case. Moreover, of the tangible evidence seized in this case has been, and will remain, available to the defense. Additionally, the government has provided a detailed factual summary in prior pleadings.

Despite the indictment and disclosures described above, the defendant requests a bill of particulars. The defendant's request should be denied. The defendant essentially wants this Court to order the government to detail its theory of prosecution and its evidentiary presentations, in the hopes of limiting the prosecution's case-in-chief at trial. That is plainly not the purpose of a bill of particulars, and this Court should deny the defendant's motion. See Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1968) ( "It is not the function of a bill of particulars to provide a detailed disclosure of the government's evidence in advance of trial."); see also United States v. Torres, 901 F.2d 205, 234 (2d Cir.) ("[a]cquisition of evidentiary detail is not a function of a bill of particulars"), cert. denied, 498 U.S. 906 (1990); United States v. Armocida, 515 F.2d 49, 54 (3rd Cir.) (bill of particulars is not intended as a vehicle for "whole sale discovery of the Government's evidence"), cert. denied, 423 U.S. 858 (1975).

Under the clearly-established law of this Circuit, a motion for a bill of particulars raises a single issue: can the defendant understand the charges and adequately prepare a defense? United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987). Given the indictment, the extensive information already provided to defendant in discovery, and the factual proffer contained in prior pleadings, the defendant clearly has ample notice of the charges against him. See, e.g., Butler 822 F.2d at 1193 (where the indictment is sufficiently specific or if the requested information is available in some other form, a bill of particulars is not required); United States v. Glecier, 923 F.2d 496, 502 (7th Cir.) (demand for a bill of particulars was denied where indictment and government's pretrial disclosures provided defendants with sufficient information concerning the

charges against them), cert. denied, 502 U.S. 810 (1991); United States v. Marrero, 904 F.2d 251, 258 (5th Cir.) ("when the information requested is provided in some other form, no bill of particulars is required"), cert. denied, 498 U.S. 1000 (1990); United States v. Cisneros, 26 F. Supp. 2d 24, 55-56 (D.D.C. 1998) ("Where a defendant has enough information to understand the charges alleged in the indictment against him and to conduct his own investigation of those charges, the government should not be required to prepare a bill of particulars.").

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion for a bill of particulars.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

_____
GLENN S. LEON
Assistant United States Attorney
NY Bar
555 4th Street, N.W., Room 4112
Washington, DC  20530
(202) 305-0174

_____
ANN PETALAS
Assistant United States Attorney
555 4th Street, N.W., Room 4211
Washington, DC  20530
(202) 307-0476