IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CR. CASE NO. 06-78 (RWR) |
| ALPHONSO WALKER, JR. : | |

### MOTION TO EXCLUDE USE OF DEFENDANT'S ALLEGED PRIOR CONVICTION IN THE EVENT MR. WALKER TESTIFIES AT TRIAL

Alphonso Walker, through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Evidence 609, for an Order prohibiting the government from using Mr. Walker's alleged April 7, 1999 prior conviction for assault with a dangerous weapon for impeachment purposes should he testify during his trial.

If the government can prove that the alleged prior conviction which it proposes to introduce is "punishable by death or imprisonment in excess of one year," Rule 609 allows the admission of such prior conviction for impeachment purposes only if the government can show that "the probative value of admitting this evidence outweighs its prejudicial effect to the accused." See also United States v. Lipscomb, 702 F.2d 1049, 1055 (D.C. Cir. 1983). Additionally, Rule 609(b) places a ten year time limit for the use of any prior conviction pursuant to Rule 609(a).

Even if the government proves that the alleged prior conviction which it proposes to introduce is "punishable by death or imprisonment in excess of one year" and that it falls within the ten year time limit, Mr. Walker contends that the probative value of admitting such evidence does not outweigh the prejudicial effect to Mr. Walker if such evidence is admitted. Evidence

concerning this alleged prior conviction will have very little probative value with respect to Mr. Walker's truthfulness during any potential trial related to the instant case. Unlike a conviction for offenses such as fraud, embezzlement or perjury, the alleged assault conviction does not involve dishonesty or false statements. Additionally, because it is alleged that the prior conviction occurred about seven years ago, it has little relevance to Mr. Walker's current credibility. Therefore, evidence concerning this alleged prior conviction has very limited probative value with respect to Mr. Walker's truthfulness at any upcoming trial.

  The prejudice that will result if the government is allowed to impeach Mr. Walker with the alleged assault conviction is great. Such evidence will unfairly taint Mr. Walker's character and, based on this tainted character alone, the jury will surely believe Mr. Walker is more likely to have committed the offenses charged in the instant case. The prejudice in allowing evidence concerning a prior assault with a dangerous weapon conviction is especially great here considering that the instant case involves an Attempted First Degree Burglary While Armed charge and two firearms related charges. Admission of evidence concerning the alleged prior assault conviction will surely cause the jurors to believe it is more likely that Mr. Walker is guilty of the pending charges simply due to the nature of his alleged prior conviction. Also, the potential for jury confusion here is substantial because the jury will have difficulty keeping the facts of each offense separate. Regardless of the strength of the government's evidence with respect to the charged offenses, the jury is likely to find Mr. Walker guilty of the charged crimes if it is allowed to hear evidence that Mr. Walker previously committed an assault with a dangerous weapon.

  The D.C. Circuit has repeatedly recognized the prejudicial impact of allowing a jury to

learn of an accused's criminal record.  In <u>United States v. Daniels</u>, 770 F.2d 1111 (D.C. Cir. 1985),  for instance, the D.C. Circuit noted that

> [t]he exclusion of bad acts evidence is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds.  That juries treat prior convictions as highly probative has been confirmed by empirical investigations.  Such reliance by the trier of fact offends the "long standing tradition that protects a criminal defendant from 'guilt by reputation' and from 'unnecessary prejudice.'"

<u>Daniels</u> at 1116 (citations omitted).

In <u>United States v. Lipscomb</u>, <u>supra.</u>, the D.C. Circuit discussed the prejudice a defendant suffers when the jury hears evidence of his prior crimes and the ineffectiveness of curative instructions in resolving the problem when saying the following:

> [t]he jury is told to consider the defendant's prior conviction only on the issue of credibility and not on the overall issue of guilt.  But limiting instructions of this type require the jury to perform "a mental gymnastic which is beyond, not only their powers, but anybody's else."  In the words of Justice Jackson: "the naive assumption that prejudicial effects can be overcome by instructions to the jury, all practicing lawyers know to be unmitigated fiction."

<u>Lipscomb</u> at 1062 (citations omitted).

## CONCLUSION

Even if the government proves that the alleged prior assault with a dangerous weapon conviction is "punishable by death or imprisonment in excess of one year" and that it falls within the ten year time limit, admission of this conviction at Mr. Walker's trial for impeachment purposes is precluded under Rule 609(a) because the probative value of admitting this evidence does not outweigh its prejudicial effect to Mr. Walker.  As discussed above, the probative value of this evidence is very weak while the prejudicial effect to Mr. Walker is great.  For these

reasons, this Court should exclude at trial any prior conviction evidence the government seeks to introduce pursuant to Fed. R. Evid. 609.

                                        Respectfully submitted,
                                        A.J. KRAMER
                                        FEDERAL PUBLIC DEFENDER

                                        _____/s/_____
                                        Tony W. Miles
                                        Assistant Federal Public Defender
                                        625 Indiana Avenue, N.W., Suite 550
                                        Washington, D.C.  20004
                                        (202)  208-7500