Copies to: Judge
AUSA – Special Proceedings
Dft.

Mary Petras,
Assistant Federal
Public Defender

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WASHINGTON D.C

UNITED STATES OF AMERICA,
　　　　　Respondent,

　　　　　　　　　　　　　　　　:   Crim. No. 06-078-RWR

vs.

　　　　　　　　　　　　　　　　:

ALPHONSO WALKER
　　　　　Defendant. /pro-se   :

**FILED**

MAR 14 2008

MOTION FOR MODIFICATION OF SENTENCE   Clerk, U.S. District and
　　　　　　　　　　　　　　　　　　　　　　　　Bankruptcy Courts
AND SUPPORTING MEMORANDUM

　　　COMES NOW, ALPHONSO WALKER , the defendant acting pro se in the above-styled criminal case, and respectfully moves this Honorable Court pursuant to Title 18 U.S.C. 3582(c)(2), and requests a modification of his sentence. The defendant contends that Amendment No. 706/711, of the United States Sentencing Guidelines ("USSG") authorizes a reduction of his sentence under §3582(c)(2) and USSG §1B1.10(a), and that Fundamental Fairness would suggest a lessening of this defendant's term of incarceration.

　　　FOR GOOD CAUSE in this Court granting such extraordinary relief the defendant would submit as follows:

### I.   JURISDICTION

　　　This Court has proper jurisdiction to entertain and rule on this motion pursuant to Title 18 U.S.C. §3582(c)(2) which allows the district court to modify a term of imprisonment based on subse-

**RECEIVED**

MAR 14 2008

Clerk, U.S. District and
Bankruptcy Courts

quent amendment to the USSG's.  U.S. v. Turner, 59 F.3d 481, 483-84 (4th.Cir.1995); U.S. v. Goines, 357 F.3d 469 (4th.Cir.2004).

## II. GROUNDS FOR RELIEF

### 1. United States Sentencing Guidelines Amendment No. 706.

In cases, such as the defendant's, where a defendant is sentenced to a term of imprisonment based on the USSG's range and/or provision that has subsequently been amended by the Sentencing Commission ("Commission"), a district court may reduce the defendant's sentence with the Commission's policy statements. Turner, supra at F.3d 485-486; Goines, supra at F.3d 471-473.

According to the applicable USSG policy statement, a defendant is eligible for retroactive application of a subsequently enacted USSG's Amendment if the Amendment is specifically listed under USSG §1B1.10(c). id. Goines at F.3d 472. Amendment Number 706 is among these amendments listed under §1B1.10(c) and, therefore, the Commission authorizes the district court to modify the defendant's sentence in light of Amendment 706. U.S. v. McHan, 386 F.3d 620, 622 (4th.Cir. 2004); U.S. v. Best, LEXIS 54315 (NDNC 2006)(granting modification of sentence under §3582(c)(2)); Goines, at F.3d 485.

The United States Congress has given the Commission discretionary authority to give the USSG's retroactive effect. Braxton v. U.S., 500 U.S. 344 (1991).

After conducting exhaustive findings the Commission issued

its Report related to the disparity between cocaine base and powder cocaine in federal sentencing. Ultimately, the Commission concluded that the 100 to 1 disparity was, among other things, disproportionately adverse to minority controlled substance offenders, and that it "promotes unwarranted disparity based on race". U.S. Sentencing Commission, Special Report to Congress (May 2007). Consequently, in an effort to remedy the unfair disparity in sentencing controlled substance offenders, the Commission recommended lowering the applicable sentence ranges for cocaine base vis-a-vis powder cocaine. After Congressional consent, the Commission implemented these changes on December 11, 2007; Making such retroactively applicable under USSG §1B1.10(c), effective March 3, 2008.

More specifically, the Commission amended the Drug Quantity Table eatablishing Base Offense Levels ("BOL") for cocaine base case's. Under Amendment 706, a defendant's BOL is reduced by two (2) levels.

In the case at bar, the defendant's Pre-Sentence Report, ("PSR"), originally established a BOL of **22** based on the **5** grams of cocaine base attributed to the defendant. With a Criminal History Category of **IV**, and **3** points reduction of BOL of **22** under ¶3E1.1(a)&(b), the defendant's total BOL was **19** for a sentencing range of **46** to **57** months imprisonment. The Court sentenced the defendant to **78** months imprisonment as established by the USSG's applicable at the time.

With benefit of Amendment No. 706 the defendant's BOL would have been established at **17** instead of **19**. This BOL of **17** would place the defendant in a sentencing range of **37-46** months. To be sure, Amendment No. 706 would result in a substantial reduction of this defendant's term of imprisonment.

In determining whether to grant this defendant's motion under §3582(c)(2) the district court is allowed a large measure of discretionary authority. Turner, at F.3d 483-484 (standard of review of §3582 case is abuse of discretion). The defendant would argue that the Commissions's reasoning for lowering the USSG's range for cocaine base is critical to this Court's decision whether to reduce this defendant's sentence or not. According to the Commissions's Report the original USSG's sentencing criteria for cocaine base was fundamentally unfair, and disproportionately affected African Americans, and other minorities. The Commission's findings in this regard would seem to demand that adversally affected offenders be granted some remedial relief in the form of a sentence reduction.

2. Application of **United States v. Booker**, 543 U.S. 220 (2005), and **Kimbrough v. United States**, 06-6330, 12/10/07 (S.Ct.2007).

The defendant further argues that this Court treat the USSG's as **advisory** under Booker when resentencing him in light of Amendment 706. Under Booker the Supreme Court held that the USSG's were no longer mandatory but rather advisory in nature. Booker, U.S. at 240-241. When determining the defendant's new sentence this Court is urged to consider the USSG's **and** the factors set forth under Title 18 U,S,C, §3553(a). id. Goines, supra at 480-481 (apply §3553(a) factors).

To date only one Circuit Court has issued a published opinion addressing whether Booker controls a district court's determination for resentencing under §3582(c)(2). See U.S. v. Hicks, 472 F.3d 1167 (9th.Cir.2007). In Hicks the Court of Appeals reversed a district court's refusal to treat the USSG's as advisory under Booker in a §3582(c)(2) case. The Court held:

--4--

> Because <u>Booker</u> abolished the mandatory application of the Sentencing Guidelines in all contexts, and because reliance on its holding is not inconsistent with any applicable [USSG] policy statement, we reverse the district court and hold <u>Booker</u> applies to §3582(c)(2) proceedings.

<u>Hicks</u>, 472 F.3d <u>at</u> 1170-1171.

The factors which may now be considered by the district court in fashioning a "reasonable" sentence are:

(1) the nature and circumstances of the offense and the characteristics of the defendant;

(2) the need for the sentence imposed to:

    (A) reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense;
    (B) afford adequate deterence to criminal conduct;
    (C) protect the public from further crimes of the defendant; and
    (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available; [paragraphs (4) and (5) refer to USSG]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to promote restitution to any victims of the offense.

Title 18 U.S.C. §3553(a)[1/]; <u>U.S. v. Hughes</u>, 396 F.3d 374, 378-379 (4th.Cir.2005)[2/]; <u>U.S. v. Williams</u>, 812 F.Supp. 612 (MDNC) (apply

---

1. The defendant would further argue that district court's can now **disregard** §851 Career Offender (which trumps BOL quantity) under §4B1.1 and reduce the defendant's sentence accordingly.

2. To aid this Court in its determination under §3553(a) the defendant has provided the Court with relevant information that post-dates original sentencing. (See ¶3, pgs. _7-8_ ).

§3553(a) on §3582 motion).

 The defendant would state for the record that he is wholeheartedly remorseful for this conduct, and that after two years of imprisonment he realizes the seriousness and the dire consequences for violating federal controlled substance laws.  Today the defendant has much respect for the laws of society generally, and drug laws in particular.  This term of incarceration has most definitely instilled a powerful sense of respect for the law that would adequately deter any future criminal conduct from this defendant.  As set forth below, the defendant has taken advantage of all available educational and self-help programs during his incarceration.

 Although the Commission amended the Unconstitutional disparities between powder vis-a-vis crack sentences, it explicitly stated that such remedial action was onlu a start towards more substantive changes.  The Commission urged Congress to go further by reducing the applicable statutory provisions that also affect unfair disparity between similarly situated controlled substance offenders. See, Kimbrough, Slip Op., pgs. 8-10; Commission Report, pg. 9.

 The defendant urges this Court to go beyond USSG Amendment No. 706 by reducing his sentence proportionately with that of powder cocaine.

 The Supreme Court has recently held that district courts could reject the USSG 100 to 1 crack vs. powder ratio by exercising its authority under Booker. See Kimbrough, supra.

---

--6--

3. <u>Extraordinary Post-Sentence Rehabilitation</u>

Since his incarceration in 2006 the defendant has made extraordinary efforts and accomplishments towards rehabilitation. In particular, the defendant has participated in and completed a variety of educational, religious, and self-help programs and also maintains a clear disciplinary record.[4/] Based on this extraordinary post-sentence rehabilitation the defendant requests the district court to consider giving him a reduction in the applicable sentencing range.

A district court has the power to modify a defendant's term of imprisonment under §3582(c)(2), and additionally, pursuant to USSG §5K2.0, the Court may consider the defendant's extraordinary rehabilitation. <u>Koon v. U.S.</u>, 518 U.S. 81 (1996); <u>U.S. v. Brock</u>, 108 F.3d 31 (4th.Cir.1997).

When the events leading up to this defendant's arrest and prosecution he was only 28 years old, without any formal education or marketable skills, and addicted to alchol and drugs. The illegal drug trade in the defendant's neighborhood offered easy money and a means at upward mobility not otherwise available to young men like the defendant. Regrettable, the defendant was mesmerized by the drug-trade subculture and fell into the influence of unsavory individuals who ultimately led the defendant far astray.

---

4. The defendant has attached with this motion evidence of his program participation See Exhibits 1, 2 ; and Affidavit of the Defendant.

--7--

On **FEB 01, 2006**, when the defendant was arrested in this case, everything changed. The defendant was initiated into a very traumatic criminal justice system which has served to modify his behavior and realize the consequences of his conduct. Any further time in prison would merely be superfluous punishment for the defendant who has learned his lesson after only a few years behind bars. Therefore, this case presents an opportunity for the Court to exercise its discretion and give this young man a second chance to get his life together after these years of imprisonment.

## CONCLUSION

WHEREFORE, the defendant prays that this Honorable Court will seriously consider appointing counsel, conducting a resentencing hearing and ultimately reducing the defendant's term of imprisonment.

RESPECTFULLY Submitted this **3** day of **March** 2008.


*Alphonse Walky*

FCI Schuylikll; PO Box 759
Minersville, PA 17954-0759
Defendant Pro Se

CERTIFICATE OF SERVICE

I, _ALPHONSO WALKER_, do hereby certify that a true and correct copy of the foregoing was deposited in the prison mail box at FCI Schuylkill, Minersville, PA, with First-Class postage affixed, and mailed to the following:

  <u>Address:</u>  U.S. Attorney's Office

DONE this _3_ day of _March_, 2008.


_Alphonso Walker_
Defendant Pro Se

```
   SCHTL             *        INMATE EDUCATION DATA         *      02-20-2008
PAGE 001 OF 001 *                   TRANSCRIPT              *      15:45:46

REGISTER NO: 01498-748      NAME..: WALKER                      FUNC: PRT
FORMAT.....: TRANSCRIPT     RSP OF: SCH-SCHUYLKILL FCI

---------------------------- EDUCATION INFORMATION ----------------------------
FACL ASSIGNMENT DESCRIPTION                 START DATE/TIME  STOP DATE/TIME
SCH  ESL HAS    ENGLISH PROFICIENT          12-15-2006 0959  CURRENT
SCH  GED EN     ENROLL GED NON-PROMOTABLE   12-15-2006 0958  CURRENT

----------------------------- EDUCATION COURSES -------------------------------
SUB-FACL   DESCRIPTION                  START DATE  STOP DATE  EVNT AC LV  HRS
SCH        FRIDAY LITERACY MR. MAURER   01-10-2008  CURRENT
SCH        FCI PRE-RELEASE DRUG EDUCATION 09-24-2007 12-06-2007   P   C  P   40

------------------------------ HIGH TEST SCORES -------------------------------
TEST         SUBTEST        SCORE     TEST DATE     TEST FACL   FORM     STATE
TABE D       BATTERY         9.2      01-10-2008    SCH          9
             LANGUAGE       10.0      01-10-2008    SCH          9
             MATH APPL       8.6      01-10-2008    SCH          9
             MATH COMP       6.3      01-10-2008    SCH          9
             READING        10.0      01-10-2008    SCH          9
             TOTAL MATH      7.4      01-10-2008    SCH          9




G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

```
   SCHTL          *        INMATE DISCIPLINE DATA           *      02-20-2008
PAGE 001 OF 001 *     CHRONOLOGICAL DISCIPLINARY RECORD     *       15:38:32

REGISTER NO: 01498-748 NAME..: WALKER, ALPHONSO
FUNCTION...: DIS       FORMAT: CHRONO    LIMIT TO ___ MOS PRIOR TO 02-20-2008
                       RSP OF: SCH-SCHUYLKILL FCI




   G5401        DISCIPLINE DATA DOES NOT EXIST FOR THIS INMATE
```

Copies to: Judge
AUSA – Special Proceedings
Dft.

*Mary Petras,
Assistant Federal
Public Defender*

IN THE UNITED STATES DISTRICT COURT

FOR THE  **DISTRICT OF WASHINGTON D.C.**

**ALPHANSO WALKER**, pro-se

vs.                                                  CR CASE NO: **06-078-RWR**

UNITED STATES OF AMERICA.

### CRIMINAL HISTORY AND ALLEGED CRIMINAL CONDUCT SUPPORTING PETITION UNDER TITLE 18 U.S.C. §3582(c)(2) FOR REDUCTION OF SENTENCE

1. Name and location of court which entered judgment of conviction you wish to have considered? **U.S. DISTRICT COURT AT WASHINGTON D.C.**

2. Date of judgment of conviction? **SEPT. 5, 2006**

3. Length of sentence? **78 MONTHS**

4. Nature of offenses involved? (all counts) **21 § 841 (A)(1)-(B)(1)(c) — 21 § 924 (c)(1)**

5. What was you plea? (guilty or not guilty) **GUILTY**

6. Did you appeal from the judgment of conviction? **NO**

7. If you did appeal, answer the following:

    (a) Name of Court? **N/A**

    (b) Result? **N/A**

**RECEIVED**
MAR 14 2008
Clerk, U.S. District and
Bankruptcy Courts

      (c) Date of result? __N/A__

8. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, app;ications, or motions with respect to this judgment? __NONE__

9. If your answer to #8 was "Yes", give the following information:

      (1) Name of Court? __N/A__

      (2) Nature of Proceeding? __N/A__

10. Did you receive an evidentiary hearing on your petition, application, or motion? __N/A__

11. Result? __N/A__

12. Date of result? __N/A__

13. Do you have any future sentence[s] to serve after you complete the sentence imposed by the judgment you are requesting a reduction for? __NONE__

      (1) If so, give name and location of the court which imposed sentence to be served in the future? __N/A__

      (2) Give date and length of the above sentence? __N/A__

WHEREFORE, Movant prays that this Honorable Court GRANT him the relief requested herein and any other relief that the Court deems to be appropriate.

DATE: __3-3-08__

__Alphonso Walker__
Signature of Movant

Alphonso Walker  01498-748
F.C.I Schuylkill
P.O. Box 759
Minersville, Pa. 17954-0670