**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIM. NO. 06-78   (RWR)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALPHONSO WALKER** | ) | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO REDUCE SENTENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Opposition to the Defendant's Motion to Reduce Sentence.

Defendant moves this Court for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines, which generally lowers the base offense levels applicable to cocaine base ("crack") offenses.   This amendment, however, is inapplicable to the defendant's case, as he was sentenced to a stipulated term of 78 months incarceration, as provided in a plea agreement entered under Federal Rule of Criminal Procedure 11(c)(1)(C).   Accordingly, defendant's motion should be summarily denied.

**PROCEDURAL HISTORY**

By an indictment filed on March 23, 2006, the Grand Jury charged defendant with Unlawful Possession with Intent to Distribute Cocaine Base (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)); Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense (18 U.S.C. § 924(c)(1)); Unlawful Possession of a Firearm and Ammunition by a Person

1

Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year (18 U.S.C. § 922(g)(1)); Unlawful Possession of a Controlled Substance (phencyclidine) (21 U.S.C. § 844(a)); and Attempt to Commit First Degree Burglary while Armed (22 D.C. Code §§ 801(a), 1803, 4502 (2001 ed)).

After an evidentiary hearing on June 5, 2006, this Court denied defendant's Motion to Suppress Physical Evidence and Statements. (TR. 6/5/06 69-83). That same day, the Court ruled that the government would be permitted to introduce, pursuant to Federal Rule of Evidence 404(B), three incidents of other crimes evidence at trial. (Id. at 114).[1]

Thereafter, defendant entered a plea pursuant to Rule 11(c)(1)(C), acknowledging his guilt to two counts of the indictment in exchange for dismissal of the remaining counts, and a negotiated sentence of 78 months' incarceration, which the government accepted and agreed to present to the Court. See Court's Exhibit 2. Specifically, on June 30, 2006, defendant pled guilty to Unlawful Possession with Intent to Distribute Cocaine Base (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)), and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense (18 U.S.C. § 924(c)(1)). At the time of the plea, the Court thoroughly advised the defendant of the possible consequences and options he faced if, after a review of the Pre-Sentence Report Investigation, the Court did not accept the plea and the agreed upon sentence. (TR. 6/30/06 15-23). Defendant indicated he understood this, and

---

[1]    This included three prior instances of crack cocaine distributions that occurred in Congress Park on September 11, 2000, May 29, 2001, and June 19, 2001, as well as a number of alleged threats or assaults that occurred between March 2003 and November 2005.

voluntarily went forward. (Id.).

Subsequently, on September 5, 2006, the Court accepted the plea agreement. (TR. 9/5/06 4). The Court then sentenced defendant to a term of 18 months' incarceration for Unlawful Possession with Intent to Distribute Cocaine Base (Count 1), and a consecutive term of the mandatory 60 months' incarceration for Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense (Court 2), for a total term of 78 months' incarceration. (Id. at 8). The Court also imposed concurrent terms of 36 months of supervised release for Count 1, and 48 months for Count 2. (Id.).

On March 14, 2008, defendant filed, pursuant to 18 U.S.C. § 3582(c)(2), a pro se Motion for Modification of Sentence & Supporting Memorandum. The Government now files this Opposition.

## FACTUAL HISTORY

As presented by the prosecutor during the plea colloquy, the government's evidence on Counts 1 and 2 of the Indictment, was as follows:

On February 1, 2006, at approximately 5:50 pm, officers of the Metropolitan Police Department responded to a 911 call at 1222 Talbert Street, SE, Washington, DC.

Upon entering the block, the officers observed the defendant walking away from 1222 Talbert Street, S.E. The officers approached the defendant and asked him if everything was okay. The officers asked the defendant if he knew anyone who lived at 1222 Talbert Street. The defendant replied "no," and then turned and ran up Talbert Street, away from the officers. A brief chase ensued and the defendant was stopped in the 2200 Block of Mountview Place, SE. The defendant was patted down for officer safety, and the officers recovered a loaded .9 millimeter Ruger handgun from the defendant's left coat pocket. In a search incident to arrest, the police also recovered from the defendant's front left pants pocket $1,046.25 and 25 small green ziplocs of a white rock-like substance.

3

The substance was field-tested and gave a positive indication for the presence of cocaine. It was subsequently sent to the DEA for analysis, analyzed, and found to be 3.0 grams of cocaine base, also known as crack cocaine. The defendant possessed the crack cocaine with the intent to distribute it and possessed the gun in furtherance of his drug trafficking. (TR. 6/30/06 25-26).

During the plea colloquy, the defendant candidly advised the Court, while under oath, that he had "fully read, understood and agreed" to the Government's Proffer of Evidence. (TR. 6/30/06 16-17). He also confirmed for the Court on two occasions that the government's proffer was "a true and accurate description of what happened in the case." (id. at 26-27). In addition, defendant specifically acknowledged that he possessed the 25 ziplocs of crack cocaine with the intent to sell or distribute it, and the .9 millimeter Ruger handgun "to further [his] efforts to keep the crack cocaine with the intent to sell it." (Id. at 27-30).

## ARGUMENT

At the close of the evidentiary hearing on defendant's Motion to Suppress Physical Evidence and Statements, and after the Court's ruling on the Government's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(B), defendant's trial counsel candidly told the Court:

> If I could say this. . . . Mr. Walker actually is very interested in trying to resolve this case short of trial, and I've spoke to [the prosecutor] on a few occasions, trying desperately to [get] an offer. The government is unwilling to extend, at this time, any offer to Mr. Walker unless he debriefs. I don't want to go into the reasons why, but Mr. Walker is not willing to do that. As the Court can appreciate, there are safety concerns and other things . . .
>
> I do want to sit down with Mr. Walker, and [also] talk with the government again, and see if we can resolve this matter because it is his preference not to have to go to trial.

. . . [W]e want to resolve it . . . [and] I want the Court and the record to understand where we are at the moment. (TR 6/5/05 124-125).

Thereafter, pursuant to a plea agreement, the parties agreed that the government would dismiss three of the five counts in the Indictment, in exchange for defendant's plea of guilty to Counts 1 and 2. In addition, the plea agreement specified a known term of imprisonment for defendant Walker, pursuant to Fed. R. Crim. P. 11(c)(1)(C), and specifically, a term of 18 months' incarceration for Count 1, to run consecutively to the mandatory 60 month term of incarceration for Count 2.

Subsequently, at the time of sentencing this Court accepted the plea agreement. In addressing the defendant, this Court then advised:

The law generally requires that I consider numerous factors in determining your sentence, [a]lthough the U.S. Court of Appeals for the D.C. Circuit in United States v. Goodall, 236 F.3d 700 (D.C. Cir. 2001), held that I have absolute discretion to accept a plea agreement that binds me to a sentence that's outside of the applicable guideline range, and that I am not compelled to consider the guideline range in imposing a sentence under Rule 11(c)(1)(C).

That was a pre-Booker decision when the guidelines were mandatory. The guidelines are no longer mandatory, and I can't imagine that the Circuit would find the fact that the guidelines are no longer mandatory reason to say that Goodall would be applicable in a mandatory guidelines setting but not applicable in a non-mandatory guidelines setting. I have some question about whether the analysis was correct, and particularly in light of the Booker language and the language post-Booker in many courts that suggest that, notwithstanding the nonmandatory nature now of the guidelines, we are, nevertheless, required, in taking the guidelines into account, to consider all of the section 3553(a) factors, one of which is what the guidelines range is, and what various options there are for sentencing.

So, although, as I read Goodall, I have no obligation whatsoever to consider the guidelines range in this case, Booker and progeny suggest I may well. . . . I have considered the nature and circumstances of this offense, the history and characteristics of Mr. Walker, the guideline range and other sentences available, the need to avoid

5

unwarranted sentencing disparity, and . . . <u>I do find that the agreed upon sentence will</u> <u>be sufficient but not greater than necessary to reflect the seriousness of the offense,</u> <u>to promote respect for the law,  to provide just punishment and adequate deterence,</u> <u>to protect the public,  and to provide Mr. Walker with the needed medical care or</u> <u>other correctional treatment in the most effective manner</u>.

(<u>Id</u>. at 7-8, emphasis added).

Defendant now moves this Court to reduce his sentence.  According to defendant, utilizing the Sentencing Guidelines, and the appropriate reductions permitted by Amendment 706, this Court should now calculate defendant's base offense level "at 17 instead of 19," which, with would therefore "place the defendant in a sentencing range of 37-46 months." (Defendant's Motion at 3).  Defendant suggests he should receive this sentence based on "fundamental fairness." (<u>Id</u>. at 1).

Defendant is in error.  As previously outlined, defendant's sentence did not center around the applicable guideline range, but on an express notation in his plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), of a significantly lower sentence which provided an appropriate disposition of the case.  Once the Court accepted the plea agreement, the written request of the parties as to the sentence defendant should receive now binds the Court.  Fed. R. Crim. Pro 11(c)(1)(C).   A motion for reduction of sentence under Section 3582(c)(2), based on a retroactive guideline amendment, is therefore irrelevant where the defendant has entered and been sentenced pursuant to such a "C plea."

Since defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission, <u>see</u> 18 U.S.C.§3582(c)(2), but was, to the contrary, based on a valid Rule (c)(1)(C) plea, defendant's motion should be now

be dismissed "without considering its merits." United States v. Trujeque, 100 F.3d 869, 871

(10th Cir. 1996).  Accord United States v. Peveler, 359 F.3d 369, 377-79 (6th Cir. 2004);

United States v. Gordon, 2008 WL 901911 (E.D. Okla. Mar. 31, 2008) ("Defendant's

reliance on 18  U.S.C. §3582(c)(2) is misplaced and it is appropriate to dismiss defendant's

motion without consideration of the merits of [his] arguments regarding the effect of

Amendment 706"); United States v. Hemminger, 114 F.3d 1192, 1997 WL 235838 (7th Cir.

May 2, 1997) ("a sentence imposed following a plea under Rule 11(c)(1)(C) cannot be

altered even if the Sentencing Commission designates certain changes to the Guidelines as

retroactive"); United States v. Roberson, 2008 WL 2020209 (M.D.  Pa. May 8, 2008) (same)

WHEREFORE, based on all of the above the United States respectfully requests that

defendant's motion be summarily denied.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
 D.C. Bar No. 498-610


_____/s/_____
JOHN P. MANNARINO
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar No. 444-384


_____/s/_____
JOAN DRAPER
ASSISTANT UNITED STATES ATTORNEY
Utah Bar No. 0195

7

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that service of a copy of the foregoing Government Motion has been made by mailing a copy to Alphonso Walker, Fed. Reg. No. 01498-748, FPC Schuylkill, P.O. Box 759, Minersville, Pennsylvania 17954, and to  Mary Manning Petras, Assistant Federal Public Defender, 625 Indiana Avenue N.W., Suite 550, Washington D.C. 20004,   this _____ day of May, 2008

/s/_____
Joan Draper, Esquire
U.S. Attorney's Office
555 4th Street N.W.
Washington D.C.  20530
 202-514-7744

8